UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-80735-AHS/WM
(LT CASE NO. 15-28505-BKC-MAM)

RENE CANTIN and
DONALD JACOBSON,

    Appellants,

v.

RUSTY NORVELL CONCRETE
PUMPING SERVICE, INC., *et al*.,

    Appellees.
_____/

FILED BY ___KJZ___ D.C.

Aug 31, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON APPELLANTS' CONSOLIDATED APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

**THIS CAUSE** comes before the Court on Appellant Rene Cantin and Appellant Donald Jacobson's consolidated appeal from the Bankruptcy Court, seeking review of certain Bankruptcy Court orders. [1] This matter was referred to the undersigned for Report and Recommendation by the Honorable United States District Judge Raag Singhal. [DE 38, 19-cv-80735]. The Court has reviewed the parties' briefs, the "record" and transcripts from the Bankruptcy Court, all applicable law, and is otherwise fully advised in the premises.

---

[1] Appellants' seek review of the Bankruptcy Court's "Memorandum Opinion," which is found at "R. 21" of Appellants' purported "record." The Court notes that Appellants failed to properly have the record of the proceedings below fully transmitted to this Court for review; instead they elected to haphazardly append hundreds of pages of recorded hearings, orders, etc., to their Amended Joint Initial Brief for Appellants, which attachments they refer to as the "record." *See* DE 26 Exhibits 1-9. Thus, the Memorandum Opinion is buried deep in Appellants' filings. The Memorandum Opinion of the Bankruptcy Court is located in the Amended Brief's Exhibits, beginning at DE 26-7, p. 30, and inexplicably ending at DE 26-8, p. 35. Appellants nonsensically chose to attach the first portion of the Order in Exhibit 7 and the second portion of the Order in Exhibit 8. This is indicative of the haphazard and disjointed manner in which Appellants have pursued this appeal. To the extent that Appellants purport to seek review of any other Bankruptcy Court Order other than the Memorandum Opinion, such efforts are discussed later in this Report and Recommendation.

1

For the reasons discussed below, it is respectfully RECOMMENDED that the Bankruptcy Court's Memorandum Opinion and Order Denying Debtor's Motions for Contempt and Sanctions and Granting Creditors' Motion for Sanctions, and Setting Hearing, dated May 30, 2019, [Lower Tribunal Case No. 15-28505-BKC-MAM, ECF No. 162; DE 26, Ex. 7, p. 30 - DE 26, Ex. 8 p. 34] [the "Memorandum Opinion"][2] be AFFIRMED.

### I.  THE PROCEDURAL POSTURE OF THE TWO APPELLANTS

There are two Appellants, Rene Cantin, the Debtor below, and his former attorney in the bankruptcy proceeding below, Donald N. Jacobson, who is a member of The Florida Bar. In the Memorandum Opinion, Appellant Cantin's second motion for contempt and sanctions against Appellees was denied by the Bankruptcy Court, and Appellant Jacobson, who was Cantin's attorney at the time, was sanctioned by the bankruptcy court and referred to The Florida Bar for possible disciplinary action based on his conduct below. The two Appellants separately filed notices of appeal, which were assigned separate case numbers in this Court.

**(a) Appellant Cantin files three Notices of Appeal which were docketed in case number 19-cv-80735**

In pending case number 19-cv-80735, Appellant Cantin filed *three* Notices of Appeal, each with lengthy attachments. The first Notice of Appeal [DE 1, 19-cv-80735], was docketed on June 5, 2019, and was signed by Appellant Cantin as a "pro se debtor" [DE 1, p. 2, 19-cv-80735]. Then, on June 11, 2019, Appellant Cantin filed his Amended Notice of Appeal and Statement of Election [DE 5, 19-cv-80735], which again was filed by Cantin as a "pro se debtor" [DE 5, p. 3, 19-cv-80735]. Finally, on June 12, 2019, Cantin filed his 2nd Amended Notice of Appeal and Statement of Election [DE 7, 19-cv-80735], which is again signed by Cantin on his own behalf. Thus, for

---

[2] *See* f.n. 1, *supra*.

purposes of this appeal, Appellant Cantin is proceeding as a *pro se* Appellant in this case and the operative Notice of Appeal he is travelling on is found at DE 7 in 19-cv-80735.

Cantin's operative Notice of Appeal seeks to appeal two orders of the Bankruptcy Court, which he describes as: 1) a May 30, 2019 Memorandum Opinion and Order (LT ECF 162), and 2) a May 31, 2019 Order Denying Motion to Recuse Judge (LT ECF 164). Thus, Appellant Cantin has filed his Notice of Appeal [DE 7, p. 2, 19-cv-80735] as to only two Bankruptcy Court Orders, LT ECF 162 (the Memorandum Opinion) and LT ECF 164 (the "Motion to Recuse Judge").

**(b) Appellant Jacobson files a 155-page Notice of Appeal which is assigned case number 19-cv-80776**

Appellant Jacobson, an attorney and member of The Florida Bar, filed a Notice of Appeal and Statement of Election [DE 1, 19-cv-80776] docketed June 12, 2019, which comprised 155 pages and inexplicably attached as Exhibits an Amended Notice of Appeal and Statement of Election [DE 1-1, 19-cv-80776], and another Amended Notice of Appeal and Statement of Election [DE 1-2, 19-cv-80776]. The primary Notice of Appeal [DE 1, p. 2, 19-cv-80776] only sought review of **one** order of the Bankruptcy Court: the May 30, 2019 Memorandum Opinion, LT ECF No. 162. However, the amended notices of appeal attached as Exhibits to his Notice of Appeal seek review of what Appellant Jacobson describes as: "Memorandum Opinion and Order ECF No. 162. Order Setting Hearing ECF No. 163 which is same document." [DE 1-1, p. 2, 19-cv-80776 and DE 1-2, p. 2, 19-cv-80776].

Thus, Appellant Jacobson has filed a Notice of Appeal only as to Bankruptcy Court Orders LT ECF No. 162 (the Memorandum Opinion) and LT ECF No. 163, with ECF 163 being the "same document" as ECF 162.[3]

---

[3] Upon review of the Bankruptcy Court docket, the Court notes that LT ECF 162 and 163 are, in fact, identical documents. It appears that a separate docket entry was made so that a subsequent hearing to determine the amount of sanctions (the "Fee Hearing") could be set in the Bankruptcy Court's electronic case management system.

3

### (c) This Court consolidates Cantin's and Jacobson's Appeals

On July 29, 2019, this Court entered its Order Consolidating Cases [DE 17, 19-cv-80776; DE 19, 19-cv-80735], which consolidated Jacobson's appeal pending in 19-cv-80776 with Cantin's appeal pending in 19-cv-80735, and both appeals are now proceeding under case number 19-cv-80735-Singhal/Matthewman.

### (d) Cantin and Jacobson Jointly File Their Amended Brief and Amended Reply Brief

Although Appellant Cantin, a non-lawyer, and Appellant Jacobson, an attorney and member of The Florida Bar, are each separately proceeding *pro se*, they jointly filed an Amended Brief for Appellants, which each Appellant separately signed [DE 26, 19-cv-80735], and an Amended Reply Brief which is signed by neither of them [DE 33, 19-cv-80735].[4] The Court notes that Appellants' briefs filed in this case are rambling, confusing, disjointed, misleading, and extremely poorly written. The Court has nonetheless spent an extensive amount of time reviewing what Appellants refer to as the "record", as well as the parties' briefs, in an effort to try and make some sense of the Appellants' arguments for purposes of appellate review.

## II.   WHAT ORDERS OF THE BANKRUPTCY COURT ARE SUBJECT TO APPELLATE REVIEW IN THIS COURT?

The first issue for the Court to determine with certainty is what Order (or Orders) is being appealed by Appellants. Although it is normally not a difficult task for a reviewing Court to quickly determine what Order (or Orders) is being appealed, the Appellants have been quite successful in confusing and complicating this normally simple issue. The Court will therefore now attempt to clarify the matter as it is important for resolution of this consolidated appeal.

---

[4] This is a violation of S.D.Fla. L.R. 5.1(a) which requires that an attorney or unrepresented party sign all motions and pleadings filed in this court. This deficiency is indicative of the haphazard and improper manner in which Appellants have prosecuted their appeal.

### (a) The Joint Amended Brief for Appellants [DE 26, 19-cv-80735] Improperly Attempts to Seek Appellate Review of Orders and Docket Entries which were not Listed in any of Appellants' Notices of Appeal

As discussed above, the only Order entered by the Bankruptcy Court that is found in *both* of Appellants' various notices of appeal is LT ECF No. 162, that is, the Memorandum Opinion.[5] For convenience of the reader, and as the Court noted in f.n. 1, *supra*, this Memorandum Opinion can be viewed in the joint Amended Brief's Exhibits, beginning at DE 26-7, p. 30, and ending at DE 26-8, p. 34.

Importantly, none of Appellants' Notices of Appeal list a "Sanctions Order." However, in the Statement of Jurisdiction section of Appellants' joint Amended Brief [DE 26, p. 9, 19-cv-80735], Appellants improperly refer to a "Sanctions Order" issued by the Bankruptcy Court at LT ECF 227, as the basis for this Court's appellate jurisdiction. But on careful review, it is clear that none of the Appellants' lengthy Notices of Appeal in this case seek to appeal a Sanctions Order at

---

[5] Appellant Jacobson's Notice of Appeal also separately lists LT ECF 163, described by Jacobson as the "same document" as the Memorandum Opinion. As discussed in f.n. 3, *supra*, it is, in fact the same document as the Memorandum Opinion. Thus, LT ECF 163 is duplicative of LT ECF 162 and requires no separate analysis.

LT ECF 227,[6] or any other docket entry from the Bankruptcy Court mentioned by Appellants in their Statement of Jurisdiction.[7]

Therefore, to the extent that Appellants seek to now belatedly appeal the "Sanctions Order" at LT ECF 227, or any of the other Docket Entries not included in their operative Notices of Appeal, Appellants have waived, abandoned, and forfeited any such review of the Sanctions Order or of the other docket entries. *See Smith v. Psychiatric Sols., Inc.*, 358 F. App'x 76, 79 (11th Cir. 2009) (failure to include issue in notice of appeal results in waiver of that issue). By not including the "Sanctions Order" [LT ECF 227] in their Notices of Appeal, and by having not timely filed a Notice of Appeal as to the "Sanctions Order," Appellants have waived, abandoned, and forfeited any review of that Order.

Further, this Court is without jurisdiction to review the "Sanctions Order" [LT ECF 227] which was not contained in any Notice of Appeal and was mentioned for the first time in Appellants' Statement of Jurisdiction in their joint Amended Brief.[8] It is the timely filing of a notice of appeal that gives this Court jurisdiction to review an order from the Bankruptcy Court,

---

[6] The Court has determined that this "Sanctions Order" is found at what Appellants refer to as "R. 22," which is located at DE 26-8, p. 37-39, attached to Appellants' Amended Joint Initial Brief. This "Sanctions Order," dated July 17, 2019, was entered by the Bankruptcy Court following a Fee Hearing held more than six weeks after entry of the Memorandum Opinion dated May 30, 2019. The "Sanctions Order" set the amount of fees that Appellant Jacobson owes for his sanctionable behavior in the Bankruptcy Court. Although the Memorandum Opinion [LT ECF 162, 163], which found that Appellant Jacobson was subject to sanctions and that Appellees were entitled to their fees from Jacobson as a sanction, is subject to review in this Court as it was contained in Appellants' notices of appeal, the subsequently entered "Sanctions Order," which set the amount of the fee award, is not subject to review in this Court as it was not contained in any of Appellants' notices of appeal. In this regard, Cantin's three notices of appeal were all docketed between June 5 and 12, 2019, as discussed in Section I(a) above. And Jacobson's notice of appeal was docketed on June 12, 2019, as discussed in Section I(b) above. All of these notices of appeal pre-date the "Sanctions Order" entered on July 17, 2019. Neither of the Appellants ever filed a Notice of Appeal as to the Sanctions Order dated July 17, 2019. Thus, this Court is without jurisdiction to review the Sanctions Order, and further, Appellants have waived, abandoned and forfeited any review of the Sanctions Order which they attempt to back-door into this appeal in their Statement of Jurisdiction contained in their joint Amended Brief. This is yet another example of the sloppy, haphazard and misleading manner in which Appellants have prosecuted this appeal.

[7] Appellants' Statement of Jurisdiction fails to even mention the Memorandum Order which was the only order listed in both Appellants' notices of appeal.

[8] *See* f.n 6, *supra*.

and when such notice of appeal is lacking, this Court clearly lacks jurisdiction to review such non-appealed order. *See* 28 U.S.C. 158; Fed.B.R. 8002. Appellants have not perfected an appeal of the Sanctions Order, and the time for doing so has long passed.

Appellants cannot simply insert a new and different Order, not contained in any notice of appeal, into their brief. Not only is such conduct by Appellants improper, it is also misleading and deceptive. Such misrepresentations to the Court have caused this Court to unnecessarily expend significant scarce judicial resources determining what Orders are, and are not, subject to appeal in this case. Appellant Jacobson, who is a member of The Florida Bar, has clearly misled this Court and made misrepresentations to this Court in the Statement of Jurisdiction contained in Appellants' Amended Joint Initial Brief. Jacobson asserts that the Sanctions Order is subject to appeal in this Court and constitutes the basis for this Court's appellate jurisdiction, which is simply false.

**(b) The Only Orders of the Bankruptcy Court Subject to Review in this Court are the Memorandum Opinion [LT ECF 162, 163] and the Order Denying Motion to Recuse Judge [LT ECF 164]**

Since both Appellants filed notices of appeal from the Bankruptcy Court's Memorandum Order [LT ECF 162], that order is subject to appellate review in this Court.

Additionally, Appellant Cantin's operative Notice of Appeal [DE 7, 19-cv-80735] seeks review of the Bankruptcy Court's Order Denying Motion to Recuse Judge [LT ECF 164]. Since Cantin did include that Order in his notice of appeal, it is subject to review in this Court. However, as discussed in the next section, all issues relating to that Order have been waived and abandoned.

**III. APPELLANT CANTIN HAS WAIVED ALL ISSUES RELATING TO THE BANKRUPTCY COURT'S ORDER DENYING MOTION TO RECUSE JUDGE**

Appellant Cantin's Notice of Appeal separately lists an Order Denying Motion to Recuse Judge [LT ECF 164]. Despite being included in Cantin's Notice of Appeal, Appellants' joint Amended Brief for Appellants [DE 26, 19-cv-80735], does not mention, discuss, or advance any

argument whatsoever regarding an "Order Denying Motion to Recuse Judge." [LT ECF 164]. Appellants' Amended Brief completely ignores this Order. In fact, the only mention of this Order is in Cantin's Notice of Appeal.

Accordingly, despite Cantin's inclusion of this Order [LT ECF 164] in his Notice of Appeal, the Court finds that any issue relating to the Order Denying Motion to Recuse Judge [LT ECF 164] has been waived, abandoned, and forfeited by Appellants because it does not appear in the Amended Brief for Appellants. *United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010) (issues and contentions not raised in the initial brief are deemed abandoned).[9]

Therefore, Appellants' appeal of the Order Denying Motion to Recuse Judge should be DENIED, and the Order [LT ECF 164] should be AFFIRMED.

### IV. THE ONLY REMAINING ORDER SUBJECT TO APPEAL IN THIS COURT IS THE MEMORANDUM OPINION [LT ECF 162, 163]

Thus, the only properly-noticed, properly appealed, non-waived, Bankruptcy Court Order to be reviewed is the Memorandum Opinion [LT ECF 162; 163]. The Court therefore now turns to its review of the Memorandum Opinion.

#### A. FACTUAL BACKGROUND

This appeal arises out of a Chapter 7 bankruptcy proceeding and the underlying facts are not in dispute. Between 2012 and 2015, Appellant Cantin and Appellees, Rusty Norvell Concrete Pumping Service, Inc., John Norvell and Janice Norvell ("the Norvell parties"),[10] were in a

---

[9] Appellant Cantin is proceeding *pro se* and is a non-lawyer. Although *pro se* filings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court cannot review an Order which an Appellant, whether *pro se* or represented by counsel, clearly abandons and fails to even mention a single time in Appellant's brief.

[10] Appellants inexplicably named attorneys Norman L. Schroeder and Adam G. Wasch as appellees. These "appellees" are attorneys for the Norvell parties. It is unclear why they are listed as appellees, as they were not parties to the bankruptcy case, and no argument is directed towards them. This is just another indication of the frivolous nature of Appellants' appeal.

business relationship in which the Norvell parties provided concrete pumping services to Appellant Cantin and his business, Florida Screen Builders, Inc. The Norvell parties provided these services to Appellant Cantin on "an open account" and Appellant Cantin paid upon receipt of invoices for services rendered. On July 6, 2015, Appellant Cantin presented a check to the Norvell parties written on the account of Florida Screen Builders for $2,927.50, for services rendered, but asked the Norvell parties to hold the check until further notice because Florida Screen Builders was under financial stress.

Appellant Cantin concedes that the Norvell parties asked "many times as to when they could deposit" the check, but Appellant Cantin assertedly told them that to continue to hold it. DE 26, p. 16. Nonetheless, it was apparently ultimately presented for payment, because on August 20, 2015, Appellee Janice Norvell filed a worthless check complaint with the St. Lucie County Sheriff's Office. Thereafter, Appellant Cantin was arrested on criminal charges relating to the worthless check, but the charges were eventually nolle prossed in 2017 by the State Attorney for the Nineteenth Judicial Circuit of Florida.

On November 4, 2015, months after Janice Norvell filed a criminal complaint relating to the worthless check with the St. Lucie County Sheriff's Office, Appellant Cantin, through his then-attorney, Appellant Jacobson, filed a Chapter 7 Bankruptcy Petition listing the Norvell parties as unsecured creditors. On January 22, 2016, the Bankruptcy Court issued an Order of Discharge for Appellant Cantin.

On May 15, 2018, Appellant Cantin returned to the Bankruptcy Court for a second Motion for Contempt and Sanctions against all Appellees for allegedly violating 11 U.S.C. § 362(a)(1), (6) and 11 U.S.C. § 524(a)(2). The essence of Cantin's second Motion for Contempt and sanctions was that the Norvell parties illegally used criminal process to collect a civil debt, which he asserted

violated the core tenants of federal bankruptcy protections under Chapter 7. After an evidentiary hearing was conducted on October 11, 2018, the Bankruptcy Court issued a comprehensive Memorandum Opinion denying Appellant Cantin's Motion. [LT ECF 162, 163]. The essence of Cantin's appeal in this Court is that the Bankruptcy Court improperly denied Cantin's Second Motion for Contempt and Sanctions.

In that Memorandum Opinion [ECF 162], the Bankruptcy Court also granted Appellees' Motion for Sanctions against Appellant Jacobson, ordered him to pay a fee award in an amount to be determined at a subsequent fee hearing,[11] and referred Appellant Jacobson to The Florida Bar for possible disciplinary action. *Id.* This appeal followed.

## B. LEGAL STANDARD

The district court has jurisdiction to hear appeals from final judgments and orders of bankruptcy courts pursuant to 28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court." *Rush v. JLJ Inc,* 988 F. 2d 1112, 1116 (11th Cir. 1993). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*, and it cannot make independent factual findings. *Torrens v. Hood*, 727 F.3d 1360, 1363 (11th Cir. 2013).

## V. DISCUSSION AND ANALYSIS

---

[11] More than six weeks after entry of its Memorandum Opinion, the Bankruptcy Court determined the amount of monetary sanctions to be paid by Appellant Jacobson, an attorney and member of the Florida Bar, to be a total of $45,732.94. *See* DE 26-8, p. 37-39; LT ECF 227. This amount was determined in the "Sanctions Order" referred to for the first time in Appellants' Statement of Jurisdiction contained in their Amended Joint Initial Brief. As discussed above by the undersigned, Appellants have waived, abandoned, and forfeited any issue relating to the "Sanctions Order" as it was not contained in any of their notices of appeal, and additionally, this Court is without jurisdiction to review said "Sanctions Order" for the same reason.

On appeal,[12] Appellants complain that the Bankruptcy Court wrongly denied Cantin's Second Motion for Contempt and Sanctions. Appellants appear to argue that the Bankruptcy Court erred when it found that Cantin failed to meet his burden of proof necessary to prove a sanctionable violation of 11 U.S.C. § 362(a) or § 524(a). Appellants also appear to argue that the Bankruptcy Court abused its discretion in awarding the Appellees sanctions. The Court finds that none of these arguments have merit.

### A. The Bankruptcy Court did not err when it found that Appellant Cantin failed to meet his burden of proof on his Second Motion for Contempt and Sanctions

The Court first addresses whether the Bankruptcy Court erred when it found that Appellant Cantin failed to meet his burden of proof as to any allegation of Appellees' conduct necessary to prove a sanctionable violation of 11 U.S.C. § 362(a) or § 524(a)(2). A party seeking a civil contempt order must prove by clear and convincing evidence that the respondent(s) violated a court order. *In re Shore*, 193 B.R. 598, 601 (S.D. Fla. 1996). Appellant Cantin contends that the Norvell parties violated 11 U.S.C. § 362(a) and 11 U.S.C. § 524(a)(2) when Appellee Janice Norvell signed a victim statement on January 14, 2016, to initiate a criminal process after Appellant Cantin filed a bankruptcy petition, and intentionally did so before the Appellant could be discharged from the debt. According to Appellant Cantin, the record and the direct testimony of Janice Norvell are clear and convincing proof of contempt. Appellees contest this argument and claim that Janice Norvell's testimony demonstrates that she first complained to law enforcement

---

[12] From the outset, the Court must address the poor quality and confusing and misleading nature of the joint Amended Brief of Appellants. [DE 26]. The Brief is very poorly written and confusing; however, given the standard of liberality with which the Court must construe the papers of a *pro se* party, the Court has done its best to parse through the incoherent document.

authorities in August of 2015, well before the Appellant Cantin filed a bankruptcy petition invoking the protections of 11 U.S.C. § 362(a).

After considering the parties' positions, the undersigned agrees with the finding of the Bankruptcy Court, that Appellant Cantin has not met the burden of proof required to prove a sanctionable violation. The record clearly establishes that Cantin failed to meet his burden of proof by clear and convincing evidence. It is undisputed that a criminal complaint was made against Appellant Cantin and that he could have been subjected to a restitution requirement had he been convicted or pleaded guilty. However, the possibility of restitution does not automatically place the Appellees in contempt of the discharge order. "Conduct evincing substantial, though not complete, compliance with the court order may be excused if such substantial compliance was made in good faith." *In re Shore*, 193 B.R. at 602.

Law enforcement was initially contacted in August 2015, which was well before Appellant Cantin filed his petition with the Bankruptcy Court on November 4, 2015. Thus, there could be no violation of any Bankruptcy Court Order, statue or rule at that time.

Thereafter, while Appellee Norvell's victim statement was submitted after Appellant Cantin's petition with the Bankruptcy Court had been filed, that victim statement was only a small component of the entire criminal investigation that was initiated in August 2015. Moreover, Appellee Norvell submitted her statement before she was subject to the discharge order of the Bankruptcy Court. Her cooperation with law enforcement cannot reasonably be inferred to have been made in bad faith, and the Court does not question her motivation without obvious evidence to the contrary. The record contains no such evidence.

After a careful review, it is clear that the Bankruptcy Court did not make any clear error in its findings of fact. The Bankruptcy Court's Order was fully supported by the facts presented to

the Court. Moreover, upon this Court's *de novo* review of the Bankruptcy Court's conclusions of law, it is clear that the Bankruptcy Court correctly applied the applicable law. The Memorandum Opinion is well written, well reasoned, and fully supported by the facts and applicable law. Accordingly, the Court should affirm the Memorandum Opinion (LT ECF 162, 163) of the Bankruptcy Court.

### B. The Bankruptcy Court did not abuse its discretion when it sanctioned Appellant Jacobson

Next, it appears that both Appellants argue that the Bankruptcy Court abused its discretion in awarding the Appellees sanctions against them.[13] However, sanctions were only imposed against Appellant Jacobson, who was the attorney for Cantin below. The Bankruptcy Court declined to impose sanctions on Cantin. *See* f.n. 13, *supra*.

Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. *Franken v. Mukamal*, No. 10-61207, 2011 WL 294413, at *3 (S.D. Fla. Jan. 27, 2011). "Bankruptcy Rule 9011 defines the standard of conduct an attorney or party must comply with before signing any petition, pleading, motion, or paper." *In re Grand Hotel Ltd. P'Ship*, 121 B.R. 657, 659 (S.D. Fla. 1990). The record clearly supports the Bankruptcy Judge's finding that Jacobson violated this standard of conduct.

The Bankruptcy Court in this case entered sanctions against Jacobson and referred him to the Florida Bar, explaining that:

> Jacobson bore the responsibility of providing the Court with properly-researched and procedurally appropriate pleadings. This failure, combined with instances of professional incivility, provide ample basis for an award of sanctions to Creditors. Jacobson's scattershot method of repetitively filing largely incomprehensible

---

[13] While the joint Amended Brief for Appellants argues that both Cantin and Jacobson were sanctioned, the Bankruptcy Court specifically stated that Jacobson was to pay the fee award in full. LT ECF 162, p. 45. The Bankruptcy Court explained, "although the Court believes that sanctions against Debtor may be appropriate, in light of the severity of Jacobson's misconduct, and the likelihood of Debtor's reliance upon Jacobson's counsel prior to his withdrawal, the Court will refrain from [imposing sanctions against Appellant Cantin] at this time." *Id*. p. 43.

13

> pleadings replete with typographical errors indicates an outrageous lack of care that contributed greatly to the charged emotions clearly present in these proceedings.

LT ECF 162, p. 44. Specifically, the Bankruptcy Court found that Appellant Jacobson misrepresented many of the cases cited in the Sanctions Motion because he failed to distinguish the legal standard between a stay violation in a civil proceeding versus in a criminal proceeding. Rule 9011 "places an affirmative duty on the attorney or party to investigate the facts and the law prior to the subscription and submission of any pleading, motion, or paper." *Id.*

Rule 9011 also requires that a pleading, motion, or paper shall not be submitted to the Court "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* The Bankruptcy Court described Appellants' collective filings as "outrageous, rambling, incoherent, toxic and fraught." The undersigned can find no error in this characterization of the many filings, which it agrees are properly described as outrageous, rambling, incoherent and toxic. In fact, the instant appellate filings of Appellant Jacobson in this Court suffer from similar defects, and it is quite frankly astonishing that a member of the Florida Bar such as Appellant Jacobson would engage in such rambling and incoherent filings below in the Bankruptcy Court and here in the District Court on appeal.

After careful review of the entire record and the parties' arguments, the undersigned finds that there is no clear error in the Bankruptcy Court's findings of fact. The Bankruptcy Court's Order is fully supported by the facts presented below. Further, upon a careful *de novo* review, the undersigned finds that the Bankruptcy Court's conclusions of law are correct and fully supported by applicable law.

The Court also finds that the record supports the Bankruptcy Court's finding that Appellant Jacobson failed to abide by his duty of candor before the tribunal by failing to cite applicable cases in the Eleventh Circuit and engaged in other sanctionable conduct. The Memorandum Opinion

14

was correct as a matter of fact and law. Therefore, the undersigned finds that the Bankruptcy Court acted within the proper scope of its discretion in granting the Appellees' motions for sanctions. The Court should affirm in full the Memorandum Opinion (LT ECF 162, 163) of the Bankruptcy Court.

## VI.     CONCLUSION

Accordingly, it is respectfully RECOMMENDED that the Bankruptcy Court's Memorandum Opinion and Order Denying Debtor's Motions for Contempt and Sanctions and Granting Creditors' Motion for Sanctions, dated May 30, 2019, [Lower Tribunal Case No. 15-28505-BKC-MAM, ECFs No. 162 and 163; DE 26, Ex. 7, p. 30 through DE 26, Ex. 8 p. 34] should be AFFIRMED in all respects.

It is further RECOMMENDED that Appellant Cantin's appeal of the Order Denying Motion to Recuse Judge [LT ECF 164] should be rejected as Cantin merely included that Order in his Notice of Appeal but never even mentioned that Order in his brief. Accordingly, this Court should find that Appellant Cantin has waived, abandoned, and forfeited all issues related to the Order Denying Motion to Recuse Judge. Said Order [LT ECF 164] should be AFFIRMED, and Appellant Cantin's appeal as to said Order should be DENIED.

It is further RECOMMENDED that Appellants' attempted appeal of the "Sanctions Order" [DE 26-8, p. 37-39; LT ECF 227], which was never included in any of Appellants' notices of appeal, should be rejected as Appellants have waived, abandoned and forfeited any issue related to that Order by not including it in any notice of appeal, and because this Court is without jurisdiction to hear an appeal of an Order not contained in a timely filed notice of appeal. Appellants' attempted appeal as to said Sanctions Order [LT ECF 227] should be DENIED and DISMISSED.

Finally, it is RECOMMENDED that this appellate case (18-cv-80735) and Jacobson's related appellate case (19-cv-80776) should both be CLOSED for administrative purposes, and all pending motions should be DENIED as moot.

## **NOTICE OF RIGHT TO OBJECT**

A party shall file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Raag Singhal within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of August 2020.

*[signature: William Matthewman]*
WILLIAM MATTHEWMAN
United States Magistrate Judge