UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80735-CIV-SINGHAL

RENE CANTIN and DONALD JACOBSON,

    Appellants,

v.

RUSTY NORVELL CONCRETE PUMPING
SERVICE, INC., et al.,

    Appellees,

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Appellants Rene Cantin ("Appellant Cantin") and Donald Jacobson's ("Appellant Jaconson") consolidated appeal from the Bankruptcy Court, seeking review of certain Bankruptcy Court orders.[1] This case was referred to United States Magistrate Judge William Matthewman ("Magistrate Judge Matthewman") for Report and Recommendation. The Magistrate Judge issued a Report and Recommendation of Magistrate Judge ("Report & Recommendation") (DE [40]) on August 31, 2020, addressing the only properly-noticed, properly appealed, non-waived matters and recommending the Bankruptcy Court's "Memorandum Opinion and Order Denying Debtor's Motions for Contempt and Sanctions (ECF Nos. 48, 52, 73, & 82), and Granting Creditors' Motion for Sanctions (ECF No. 105), and Setting Hearing," dated May

---

[1] On July 29, 2019, this Court entered its Order Consolidating Cases in Case No. 19-cv-80776 (DE [17]) and in Case No. 19-cv-80735 (DE [19]), which consolidated Appellant Jacobson's appeal pending in 19-cv-80776 with Appellant Cantin's appeal pending in 19-cv-80735, and both appeals are now proceeding in this Court under case number 19-cv-80735-Singhal/Matthewman.

30, 2019, entered by Judge Mindy A. Mora in Lower Tribunal Case No. 15-28505-BKC-MAM, ECFs Doc No. 162 and 163 (DE [26-7])–(DE [26-8]) be affirmed in all respects. Magistrate Judge Matthewman also recommends the "Order Denying All Relief Requested in Motion to Recuse Judge [ECF No. 158] and Cancelling Hearing on June 4, 2019, at 10:00 A.M.," dated May 31, 2019, entered by Judge Mindy A. Mora in Lower Tribunal Case No. 15-28505-BKC-MAM, ECF Doc No. 164 (DE [1]) be affirmed. The Report & Recommendation (DE [40]) further recommends that Appellants' attempted appeal of the "Sanctions Order," dated July 17, 2019, entered by Judge Mindy A. Mora in Lower Tribunal Case No. 15-28505-BKC-MAM, ECF Doc No. 227 (DE [26-8]) be denied and dismissed as waived, abandoned, and forfeited as it was not included in any notice of appeal. Finally, Magistrate Judge Matthewman recommends the consolidated appeals be closed and any pending motions denied as moot.

Appellants timely filed their Objection to the Magistrate Judge's Report & Recommendation on Appellants' Consolidated Appeal from the United States Bankruptcy Court (Document 40), Pursuant to 28 U.S.C. § 636(b)(1)(C) ("Objections") (DE [41]) on September 10, 2020. *See* 28 U.S.C. § 636(b)(1)(C). Appellees filed a Response to Appellants' Objections to Report and Recommendations ("Response") (DE [43]) on September 15, 2020. The Court did not order a reply; accordingly, the matter is now ripe for review. *See* (Order (DE [42]), entered Sept. 10, 2020).

This Court has conducted a *de novo* review of the Report & Recommendation (DE [40]), the Objections (DE [41]), the Response (DE [43]), the record, and is otherwise fully advised in the premises. The Court finds the factual findings in the Report &

2

Recommendation (DE [40]) to be thorough and exhaustive.[2]  Further, the Court finds the legal conclusion is correct.

"After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection **must clearly advise the district court and pinpoint the specific findings that the party disagrees with**." *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009) (emphasis added). Here, Appellants merely restate arguments made in the Bankruptcy Court and in this Court, which is not a proper form of objection.  Appellants primary argument in the Objections (DE [41]) is Magistrate Judge Matthewman incorrectly applied the law to the facts in finding that the Bankruptcy Court did not err in denying Appellants' Second Motion for Contempt and Sanctions.  Specifically, Appellants claim Magistrate Judge Matthewman failed to consider the test in *Barnette v. Evans*, 673 F. 2d 1250 (11th Cir. 1982).

"On appeal from a bankruptcy-court order, a district court reviews findings of fact for clear error and conclusions of law *de novo*."  *ECMC v. Acosta-Conniff (In re Acosta-Conniff)*, 686 Fed. Appx. 647, 649 (11th Cir. 2017) (citing *In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325, 1328-29 (11th Cir. 2002)).  Here, Magistrate Judge Matthewman agreed with all of Judge Mora's factual findings and, after a careful review, found that the Bankruptcy Court "did not make any clear error in its findings of fact." (R&R (DE [40]), at 12).  The initial criminal complaint was made well before Appellant Cantin filed his petition for Bankruptcy, nothing in the record or Appellants' Objections (DE [41])

---

[2] This Court commends Judge William Matthewman for parsing through the haphazard and disjointed appeal filed by Appellants and undertaking unnecessarily expending significant scarce judicial resources.

contradict such finding, accordingly, "there could be no violation of any Bankruptcy Court Order, statute or rule at that time." *Id.* After a *de novo* review, the Report & Recommendation (DE [40]) concludes that the Bankruptcy Court correctly applied the applicable law. This Court agrees.

Additionally, Appellants do not challenge the finding that sanctions were appropriate against attorney Donald Jacobson, Esq., a member of the Florida Bar, nor do they object to the amount ordered in sanctions by Judge Mindy A. Mora. *See* (DE [26-8]), at 37–39). Instead, Appellants argue Magistrate Judge Matthewman erred in determining that the "Sanctions Order," dated July 17, 2019, entered by Judge Mindy A. Mora in Lower Tribunal Case No. 15-28505-BKC-MAM, ECF Doc No. 227 (DE [26-8]) was not properly appealed. Appellants filed three Notices of Appeal and two Supplemental Transmittals none of which include the "Sanctions Order." *See* (Not. of App. (DE [1], [5], [6], [7], [8]); *see also Smith v. Psychiatric Sols., Inc.*, 358 Fed. Appx. 76, 79 (11th Cir. 2009) (failure to include issue in notice of appeal results in waiver of that issue). Nonetheless, Magistrate Judge Matthewman, on a *de novo* review, opined that the record clearly supports the Bankruptcy Court's finding that Appellant Jacobson violated the standard of conduct of an attorney. This Court agrees. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Magistrate Judge's Report & Recommendation (DE [40]) is **AFFIRMED** and **ADOPTED**. The Bankruptcy Court's "Memorandum Opinion and Order Denying Debtor's Motions for Contempt and Sanctions (ECF Nos. 48, 52, 73, & 82), and Granting Creditors' Motion for Sanctions (ECF No. 105), and Setting Hearing," dated May 30, 2019, entered by Judge Mindy A. Mora in Lower

Tribunal Case No. 15-28505-BKC-MAM, ECFs Doc No. 162 and 163 (DE [26-7])–(DE [26-8]) is **AFFIRMED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the "Order Denying All Relief Requested in Motion to Recuse Judge [ECF No. 158] and Cancelling Hearing on June 4, 2019, at 10:00 A.M.," dated May 31, 2019, entered by Judge Mindy A. Mora in Lower Tribunal Case No. 15-28505-BKC-MAM, ECF Doc No. 164 (DE [1]) is **AFFIRMED**.

Further, the finding regarding Appellants' attempted appeal of the "Sanctions Order," dated July 17, 2019, entered by Judge Mindy A. Mora in Lower Tribunal Case No. 15-28505-BKC-MAM, ECF Doc No. 227 (DE [26-8]) is **AFFIRMED**.

The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of September 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF